**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McDougald v. Bowerman*, **Slip Opinion No. 2020-Ohio-3942.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3942

MCDOUGALD, APPELLANT, *v.* BOWERMAN, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McDougald v. Bowerman*, Slip Opinion No. 2020-Ohio-3942.]**

*Habeas corpus—Inmate's claims not cognizable in habeas—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1779—Submitted April 7, 2020—Decided August 6, 2020.)

APPEAL from the Court of Appeals for Lucas County,

No. L-19-1209, 2019-Ohio-4712.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Jerone McDougald, appeals the dismissal of his petition for a writ of habeas corpus against appellee, Shawn Bowerman, warden of the Toledo Correctional Institution. We deny McDougald's motion for leave to file a supplemental brief and affirm the judgment of the court of appeals.

## I. Background

{¶ 2} In January 2007, a Scioto County grand jury indicted McDougald on felony charges of drug possession, trafficking in drugs, possessing criminal tools, and having a weapon while under disability. The jury convicted him of all charges, and he was sentenced to an aggregate prison term of 20 years. The court of appeals affirmed on direct appeal. *State v. McDougald*, 4th Dist. Scioto No. 07CA3157, 2008-Ohio-1398.

{¶ 3} On September 23, 2019, McDougald filed a petition for a writ of habeas corpus in the Sixth District Court of Appeals. His petition challenged the trial court's jurisdiction to convict him in 2007, arguing that the indictment was invalid because it had not been signed by the grand-jury foreman and did not indicate a filing date. McDougald attached the indictment to his petition, but he did not attach any documents showing his convictions or sentence.

{¶ 4} On the same day, McDougald filed a motion for leave to amend his petition, to attach the trial court's judgment entry. And on October 3, he filed a motion for leave to amend his petition to add two new claims: (1) the trial court lacked jurisdiction to convict him of drug possession and drug trafficking because those counts in the indictment failed to state a criminal offense and (2) the trial court lacked jurisdiction to subject McDougald's property to forfeiture because the indictment did not allege the necessary facts.

{¶ 5} On November 8, 2019, the court of appeals dismissed the petition. The court held that the petition was barred by res judicata and that McDougald had an adequate remedy at law to assert his claims. The court also determined that McDougald had failed to file the affidavit of prior civil actions required by R.C. 2969.25(A), and it denied the motions to amend as moot.

{¶ 6} McDougald appealed.

## II. Legal analysis

{¶ 7} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). As is true for other extraordinary writs, habeas corpus is not available when there is or was an adequate remedy in the ordinary course of the law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. "However, there is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995), *overruled on other grounds*, *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 29.

{¶ 8} A court may dismiss a case for failure to state a claim only if it "appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. We review the dismissal of a habeas corpus petition under Civ.R. 12(B)(6) de novo. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5.

{¶ 9} In his merit brief, McDougald reiterates his claims that a trial court's jurisdiction depends on a valid indictment and that his indictment was invalid in various respects. However, claims of an invalid indictment are not cognizable in habeas corpus. *Wooton v. Brunsman*, 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶ 7. An inmate has an adequate remedy by way of direct appeal to

challenge the validity of an indictment. *Luna v. Russell*, 70 Ohio St.3d 561, 562, 639 N.E.2d 1168 (1994).

{¶ 10} In addition, the court of appeals correctly noted that McDougald's petition was subject to dismissal for his failure to comply with R.C. 2969.25(A), which requires an inmate who files in the court of appeals a civil action against a government entity or employee to file an affidavit describing each civil action or appeal filed by the inmate within the preceding five years. Compliance with R.C. 2969.25(A) is mandatory, and the failure to comply warrants dismissal of the action. *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, 50 N.E.3d 553, ¶ 3. For these reasons, the court of appeals correctly dismissed McDougald's petition for a writ of habeas corpus.

{¶ 11} On March 9, 2020, McDougald filed in this court a motion for leave to file a supplemental brief. His motion fails to explain why a supplemental brief is necessary. Instead, it merely reiterates his claim that he should be released due to defects in his criminal indictment. We therefore deny the motion.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____

4