[Cite as *State v. Klein*, 2020-Ohio-6948.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190619 |
| | | TRIAL NO. B-0502958-A |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| THOMAS KLEIN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part and Reversed in Part, and Cause
                    Remanded

Date of Judgment Entry on Appeal:  December 30, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Defendant-Appellee,

*Thomas Klein*, pro se.

**ZAYAS, Presiding Judge**.

{¶1} Defendant-appellant Thomas Klein appeals the Hamilton County Common Pleas Court's judgment denying the relief sought in his "Motion Rebutting V.O.D. Enrollment under [R.C.] 2903.41(A)(1) [and] (2) and Motion for Sentence Modification under R.C. 2941.25, Hearing." We affirm that part of the judgment dismissing for lack of jurisdiction Klein's postconviction challenges to the sufficiency of the evidence to support his convictions and to the imposition of consecutive sentences under the multiple-counts statute, R.C. 2941.25. But we hold that the court erred in declining to entertain Klein's R.C. 2903.42(A)(2)(b) motion to rebut the R.C. 2903.42(A)(1) violent-offender-database ("VOD") enrollment presumption, and we reverse that part of the court's judgment.

*Procedural Posture*

{¶2} In 2006, Klein was convicted of aggravated burglary, having weapons while under a disability, and four counts of kidnapping and was sentenced to consecutive prison terms totaling 32 years. He unsuccessfully challenged his convictions on direct appeal, *State v. Klein*, 1st Dist. Hamilton No. C-060519 (June 20, 2007), and in postconviction motions filed with the common pleas court in 2013, 2018, and 2019.

{¶3} In his 2019 "Motion Rebutting V.O.D. Enrollment under [R.C.] 2903.41(A)(1) [and] (2) and Motion for Sentence Modification under R.C. 2941.25, Hearing," Klein asserted that the evidence adduced at trial did not support his kidnapping or aggravated-burglary convictions. Thus, he moved to "modify his sentence[s]," because keeping him incarcerated for "non-existent offense[s]" constituted plain error and imposing consecutive sentences for those offenses violated R.C. 2941.25. And he moved under R.C. 2903.42(A)(2)(b) to rebut the R.C. 2903.42(A)(1) presumption that he is required to enroll in the VOD, because he had committed no violent offense for which he could have been the principal offender.

2

{¶4}    The common pleas court dismissed Klein's motion to modify his sentences upon its determination that the motion was reviewable under R.C. 2953.21 et seq., governing petitions for postconviction relief, and Klein had not satisfied the jurisdictional requirements for entertaining his late postconviction claims. The court also overruled the motion to modify his sentences to the extent that the motion could be read as a motion for judicial release or to "mitigate sentence." And the court declined to rule on the motion to rebut the VOD-enrollment presumption, upon its determination that the matter was "not ripe for consideration" until Klein's "release from prison" "trigger[ed]" his "duty to register as a violent offender."

{¶5}    In this appeal, Klein advances three assignments of error. In his first assignment of error, he contends that the common pleas court erred in refusing to afford him the right provided under R.C. 2903.42(A)(2)(b) to rebut the VOD-enrollment presumption. In his second and third assignments of error, he contends that the court erred in denying "correction" of his convictions on the grounds that the evidence was legally insufficient to support three of his four kidnapping convictions and his aggravated-burglary and kidnapping offenses were subject to merger under R.C. 2941.25.

*Postconviction Merger and Legal-Sufficiency Claims*

{¶6}    We address first the second and third assignments of error, challenging the denial of the relief sought upon Klein's postconviction merger and legal-sufficiency claims. We conclude that the common pleas court had no jurisdiction to entertain those claims.

{¶7}    Klein did not designate in his motion a statute or rule under which that relief may have been afforded. The common pleas court was thus left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

3

{¶8} Under R.C. 2953.21 et seq., the postconviction statutes, a common pleas court may grant relief from a conviction upon proof of a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). R.C. 2941.25, governing the imposition of sentences on multiple counts charged in the same indictment, effectuates the protections against multiple punishments for the same offense secured under the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. *State v. Payne*, 1st Dist. Hamilton No. C-790257, 1980 WL 352849 (May 28, 1980). And a conviction based on legally insufficient evidence violates the guarantee, secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Accord State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997); *State v. Campbell*, 1st Dist. Hamilton No. C-950746, 1997 WL 5182, *3 (Jan. 8, 1997).

{¶9} Klein's postconviction merger and legal-sufficiency claims sought relief based on alleged constitutional violations during the proceedings resulting in his convictions. Therefore, they were reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶10} But Klein filed his motion well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late or successive postconviction petition. The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his postconviction claims depend, or that his claims are predicated

upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for filing his petition had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). If the petitioner does not satisfy those jurisdictional requirements, the petition is subject to dismissal without a hearing. *See* R.C. 2953.21(D) and (F) and 2953.23(A).

{¶11} Klein did not base his postconviction merger and legal-sufficiency claims on new and retrospectively applicable rights recognized by the United States Supreme Court since the time for filing the claims had expired. Nor could he be said to have been unavoidably prevented from discovering the facts upon which those claims depended, when the claims depended for their resolution solely upon evidence contained in the record of the proceedings leading to his convictions. Because Klein failed to satisfy the R.C. 2953.23(A)(1)(a) jurisdictional requirement, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain his merger and legal-sufficiency claims.

{¶12} Nor were Klein's convictions subject to correction on those grounds under the jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. The alleged merger and legal-sufficiency errors, even if demonstrated, would not have rendered Klein's convictions void, because the trial court had personal jurisdiction by virtue of Klein's indictment for felony offenses, and it had subject-matter jurisdiction to convict him of those offenses. *See State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 4-6 and 41 (holding that a judgment of conviction is voidable, not void, if entered by a court having personal and subject-matter jurisdiction).

{¶13} The common pleas court properly dismissed for lack of jurisdiction Klein's postconviction merger and legal-sufficiency claims. Accordingly, we overrule the second and third assignments of error.

*Motion to Rebut VOD-Enrollment Presumption*

{¶14} In his first assignment of error, Klein contends that the common pleas court erred in refusing to entertain his R.C. 2903.42(A)(2)(b) motion to rebut the R.C. 2903.42(A)(1) VOD-enrollment presumption. We agree.

{¶15} Under the VOD statutes, R.C. 2903.41 through 2903.44, an offender who meets the R.C. 2903.41(A) definition of a "violent offender" must, for ten years following release from confinement, enroll in the violent-offender database maintained in the county where the offender resides. *See* R.C. 2903.42(A)(1). A violent offender who recklessly fails to enroll, renew enrollment, or notify the sheriff of a change of address is guilty of a felony of the fifth degree. *See* R.C. 2903.43(I).

{¶16} Currently pending before the Ohio Supreme Court is a certified conflict between the Courts of Appeals for the Twelfth and Fifth Districts on the issue whether the VOD statutes, when applied to an offense that occurred before the statutes' March 20, 2019 effective date, violate the prohibition against retroactive statutes contained in Article II, Section 28, of the Ohio Constitution. *See State v. Jarvis*, 159 Ohio St.3d 1427, 2020-Ohio-3473, 148 N.E.3d 568; *see also State v. Rike*, 1st Dist. Hamilton No. C-190401, 2020-Ohio-4690 (finding no retroactivity-clause violation); *State v. Jackson*, 10th Dist. Franklin No. 19AP-393, 2020-Ohio-4115 (declining to decide retroactivity-clause challenge upon determining that the case was not ripe for decision); *State v. Morgan*, 2020-Ohio-3955, 156 N.E.3d 989 (9th Dist.) (finding no retroactivity-clause violation). Courts have yet to address the question presented here: when may an R.C. 2903.41(A)(2) violent offender file an R.C. 2903.42(A)(2)(b) motion to rebut the R.C. 2903.42(A)(1) presumption that the violent offender is required to enroll in the violent-offender database.

{¶17} The VOD statutes define a "violent offender" to include an offender who, on the statutes' effective date, stands convicted of and is serving a prison term for a listed offense. R.C. 2903.41(A)(2). That list includes kidnapping in violation of R.C. 2905.01. R.C. 2903.41(A)(1)(a). The statutes went into effect on March 20, 2019. On that date, Klein was "classified" as a "violent offender" by operation of law, because he then stood convicted on four counts of kidnapping in violation of R.C. 2905.01 and was serving prison terms for those offenses.

{¶18} Klein's violent-offender classification gave rise to a "rebuttable presumption" that he "shall be required to enroll in the violent offender database" and "shall have all violent offender database duties * * * for ten years after [he] initially enrolls in the database." R.C. 2903.42(A)(1). The VOD statutes permit an offender who, like Klein, was classified as a violent offender under R.C. 2903.41(A)(2) to "rebut [the VOD-enrollment presumption], after filing a motion * * * assert[ing] that [he] was not the principal offender in the commission of that offense and request[ing] that the court not require [him] to enroll in the violent offender database and not have all VOD duties with respect to that offense." R.C. 2903.42(A)(1) and (A)(2)(b). The motion to rebut must "be filed prior to the time of [the violent offender's] release from confinement * * * for the [listed] offense." R.C. 2903.42(A)(2)(b).

{¶19} Klein's R.C. 2903.41(A)(2) violent-offender classification also gave rise to a duty on the part of "the official in charge of [his confinement]" to "inform [him] in writing" concerning "the presumption[,] * * * [the] right to file a motion to rebut the presumption, * * * the procedure and criteria for rebutting the presumption, and * * * the effect of a rebuttal and the post-rebuttal hearing procedures and possible outcome." This notice must be provided within "a reasonable period of time before the offender is released from the confinement." R.C. 2903.42(A)(1) and (A)(1)(b).

**{¶20}** Thus, the VOD statutes classified Klein as a violent offender, imposed upon him a VOD-enrollment presumption, and provided him with a right to rebut, along with procedures for rebutting, that presumption. The statutes also afforded him, as an R.C. 2903.41(A)(2) violent offender, a right to written notice concerning the presumption, to be provided within "a reasonable period of time before [he] is released from [his] confinement"; a right to file a motion to rebut the VOD-enrollment presumption; and a right to a hearing on the motion to rebut. *See* R.C. 2903.42(A)(1)(b).

**{¶21}** In declining to entertain Klein's motion to rebut the VOD-enrollment presumption, the common pleas court read the VOD statutes to preclude the motion from being filed until "Klein is released from prison." In its brief, the state defended the court's refusal to entertain the motion by arguing that Klein may not file his motion to rebut until he has been provided with the written notice required under R.C. 2903.42(A)(1)(b).

**{¶22}** Klein asserts that his right to rebut the presumption arose in March 2019, when the VOD statutes were enacted and he was, by operation of law, classified under R.C. 2903.41(A)(2) as a violent offender. He argues that, upon his classification as an R.C. 2903.41(A)(2) violent offender, he was subject to the VOD-enrollment presumption and had a right to rebut that presumption under the procedure provided by the statutes, and that R.C. 2903.42(A)(2)(b), by its terms, permitted him to file his motion to rebut the presumption at any time "prior to the time of [his] release from confinement." We agree.

**{¶23}** The VOD statutes speak only once, and directly, to the question presented here. They require that an R.C. 2903.41(A)(2) violent offender file the motion to rebut the VOD-enrollment presumption "prior to the time of the [violent offender's] release from confinement * * * for the [violent] offense." R.C.

8

2903.42(A)(2)(b). Thus, the readings of the statutes advocated by the common pleas court and the state cannot be squared with the plain language of the VOD statutes.

{¶24} Under the VOD statutes, Klein's right to rebut the VOD-enrollment presumption arose on March 20, 2019, when the statutes became effective, and he was, by operation of law, classified under R.C. 2903.41(A)(2) as a violent offender. R.C. 2903.42(A)(2)(b) required nothing more on Klein's part than that he file his motion to rebut the presumption "prior to his release from confinement." He did so. And in doing so, he invoked the jurisdiction conferred by the statutes upon the common pleas court to entertain that motion. In declining to entertain the motion, the court erred.

*Affirmed in Part and Reversed in Part*

{¶25} Klein's motion seeking modification of his sentences was reviewable under the postconviction statutes, but was subject to dismissal because those statutes did not confer upon the common pleas court jurisdiction to entertain the motion. We, therefore, affirm that part of the court's judgment dismissing the motion for sentence modification.

{¶26} But the court erred in declining to entertain Klein's motion to rebut the VOD-enrollment presumption. Accordingly, we reverse that part of the judgment and remand this case for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**MYERS** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

9