[Cite as *Myers v. Haviland*, 2021-Ohio-1860.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


CRAIG R. MYERS,

    PETITIONER-APPELLANT,          CASE NO.  1-21-04

    v.

JAMES HAVILAND, WARDEN,          O P I N I O N

    RESPONDENT-APPELLEE.


Appeal from Allen County Common Pleas Court
Trial Court No. CV 2020 0248

Judgment Affirmed

Date of Decision:  June 1, 2021


APPEARANCES:

    *Craig R. Myers,* Appellant

    *Stephanie Watson*  for Appellee

**MILLER, J.**

{¶1} Petitioner-appellant, Craig R. Myers, appeals the January 12, 2021 judgment of the Allen County Court of Common Pleas dismissing his petition for a writ of habeas corpus against respondent-appellee, James Haviland.[1]  For the reasons that follow, we affirm.

{¶2} This matter originated on March 21, 2013, when the Wood County Grand Jury indicted Myers on one count of retaliation, a violation of R.C. 2921.05(A), in Wood County Common Pleas Court case number 2013-CR-141. The charge resulted after Myers threatened harm to his court-appointed attorney while in jail awaiting trial for abduction and felonious assault in Wood County Common Pleas Court case number 2011-CR-364.  Myers was convicted of retaliation as charged, and the conviction was affirmed on appeal.  *State v. Myers*, 6th Dist. Wood No. WD-15-017, 2016-Ohio-223, ¶ 21-22.  During the pendency of his direct appeal, and afterward, Myers filed motions requesting postconviction relief, including a prior petition for a writ of habeas corpus in this court.  Myers's efforts were uniformly unsuccessful.  *See, e.g.*, *State v. Myers*, 6th Dist. Wood No. WD-16-026, 2017-Ohio-1220.

---

[1] At the time Myers filed his petition for a writ of habeas corpus, Haviland was the warden of the Allen-Oakwood Correctional Institution, where Myers was imprisoned.  Myers has since been transferred to the North Central Correctional Complex.

{¶3} Most recently, on July 28, 2020, Myers filed a petition for a writ of habeas corpus in the trial court. In his petition, Myers alleged various defects in the March 21, 2013 indictment, including a claim that the indictment did not properly charge an offense because "the criminal offense of retaliation cannot occur if the underlying offense is still pending, or the defendant is still awaiting trial." Myers maintained that these alleged defects deprived the Wood County Court of Common Pleas of subject-matter jurisdiction in case number 2013-CR-141. On September 1, 2020, Haviland filed a Civ.R. 12(B)(6) motion to dismiss Myers's petition. On September 17, 2020, Myers filed a memorandum in opposition to Haviland's motion to dismiss.

{¶4} On January 12, 2021, the trial court granted Haviland's motion and dismissed Myers's petition. In dismissing Myers's petition, the trial court determined that Myers's claims did not implicate the subject-matter jurisdiction of the Wood County Court of Common Pleas. The trial court concluded that Myers is not entitled to habeas corpus relief because he had an adequate remedy at law or, alternatively, because his claims are barred by the doctrine of res judicata.

{¶5} On February 9, 2021, Myers timely filed a notice of appeal. He raises the following assignment of error for our review:

**Assignment of Error**

**The Allen County Common Pleas Court (trial court hereafter) erred, in determining that the judgment in the Wood County case,**

**of *State v. Myers*, 2013-CR-141 was voidable, as the judgment is void, due to the invalidly filed indictment. The trial court, erred, by stating that the Wood County Common Pleas Court had subject-matter jurisdiction pursuant to O.R.C. 2931.03. The trial court, failed to recognize that the March 21, 2013 indictment was not validly filed, and in violation of O.R.C. 2941.05 and O.R.C. 2941.03(E) as well as the Ohio Const. art. I, § 10 making the case void ab initio. The trial court, failed to recognize, that the Wood County Prosecutor's Office, filed the March 21, 2013 indictment prior to the commission of the retaliation O.R.C. 2921.05(A) offense, charging the relator-petitioner, with a crime that had not yet occurred at the time the Grand Jury returned the indictment, changing the identity of the crime charged. The trial court, further erred, in failing to recognize that the prosecution, expanded the time frame, of when the crime of retaliation can occur, creating a substantial risk that the relator-petitioner's conviction was based upon alleged acts that were never presented to or considered by the Grand Jury, due to prosecution's violation of O.R.C. 2941.03(E) making the *State v. Myers*, 2013-CR-141 case, and the doctrine of the case, void ab initio. [Sic. throughout].**

{¶6} In his assignment of error, Myers argues the trial court erred by dismissing his petition for a writ of habeas corpus. Myers contends the acts that formed the basis of the March 21, 2013 indictment could not possibly have constituted retaliation, as defined in the Ohio Revised Code, on the date that they were committed because case number 2011-CR-364 had not yet concluded. He maintains the indictment was consequently insufficient to charge an offense as required by R.C. 2941.05 and that it did not indicate that the offense was committed before the finding of the indictment as required by R.C. 2941.03(E). Myers claims the indictment therefore did not vest the Wood County Court of Common Pleas with

subject-matter jurisdiction in case number 2013-CR-141, thus rendering his retaliation conviction void and making relief in habeas corpus appropriate.

{¶7} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *McDougald v. Bowerman*, 161 Ohio St.3d 268, 2020-Ohio-3942, ¶ 7. "As is true for other extraordinary writs, habeas corpus is not available when there is or was an adequate remedy in the ordinary course of the law." *Id.* "'However, there is a limited exception to the adequate-remedy requirement: "when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal."'" *Id.*, quoting *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151 (1995), *overruled on other grounds*, *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, ¶ 29.

{¶8} "A court may dismiss a case for failure to state a claim only if it 'appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.* at ¶ 8, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. "We review the dismissal of a habeas corpus petition under Civ.R. 12(B)(6) de novo." *Id.*

{¶9} While Myers frames his arguments in terms of the trial court's lack of subject-matter jurisdiction due to a defective indictment, Myers's arguments should

instead be analyzed as challenges to the sufficiency of the evidence supporting his conviction based on the indictment. In arguing that the acts alleged in the March 21, 2013 indictment could not possibly have constituted retaliation on the date they occurred, Myers relies on appellate court cases interpreting R.C. 2921.05(A) as including a requirement that the retaliatory acts be committed after a "judicial decision" in the underlying action. *See, e.g., State v. Johnson*, 4th Dist. Scioto No. 07CA3158, 2008-Ohio-1369, ¶ 17-22. However, at least one appellate court has concluded that R.C. 2921.05(A) does not contain such a requirement and that a defendant can be convicted of retaliation for acts committed before the conclusion of the underlying action. *See State v. Ott*, 11th Dist. Portage No. 2007-P-0093, 2008-Ohio-4049, ¶ 43-55. Hence, in his petition for a writ of habeas corpus, Myers essentially advocated for one possible interpretation of R.C. 2921.05(A) and argued that, under his preferred interpretation, the State did not, and in fact could never, present evidence sufficient to support his conviction for retaliation. It is noteworthy that in *Johnson*, on which Myers relies, there was no finding of a faulty indictment filed against the defendant. Rather, the appellate court found insufficient evidence to support the conviction based on the indictment.[2]

{¶10} Myers could have raised his claim of a defective indictment as part of his direct appeal challenging the sufficiency of the evidence resulting in his

---

[2] We specifically make no judgment on the propriety of the decision in *Johnson*.

conviction on the indicted charge. Habeas corpus is not available to remedy Myers's claims concerning the sufficiency of the evidence because sufficiency-of-the-evidence claims cannot render a conviction void for lack of subject-matter jurisdiction and Myers had an adequate remedy at law for these claims through a direct appeal. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, ¶ 8; *State v. Klein*, 1st Dist. Hamilton No. C-190619, 2020-Ohio-6948, ¶ 12; *Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668, ¶ 7, 11. Thus, we conclude that the trial court did not err by dismissing Myers's petition for a writ of habeas corpus.[3]

{¶11} Myers's assignment of error is overruled.

{¶12} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**

---

[3] Our conclusion would be the same even if Myers had raised a claim properly challenging the validity and sufficiency of the March 21, 2013 indictment in his petition for a writ of habeas corpus. The insufficiency of an indictment, including its failure to state an offense, does not render a conviction based on the indictment void for lack of subject-matter jurisdiction. *State v. Arega*, 10th Dist. Franklin No. 17AP-909, 2018-Ohio-3137, ¶ 9, fn. 2. Moreover, it is well established that "habeas corpus is not available to attack the validity or sufficiency of the charging instrument" and that a petitioner has "an adequate legal remedy by direct appeal to challenge the validity or sufficiency of the * * * indictment." *Orr v. Mack*, 83 Ohio St.3d 429, 430 (1998).