[Cite as *State v. Klein*, 2022-Ohio-4600.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220170 |
| | | TRIAL NO. B-0502958A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| THOMAS KLEIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 21, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Thomas Klein*, pro se.

**ZAYAS, Judge**.

{¶1} Defendant-appellant Thomas Klein appeals the Hamilton County Common Pleas Court's judgment denying the relief sought in his "Renewal of Motion to Vacate Void Sentence under [R.C.] 2929.191 And Presentence Objections" and his other "pending motions," which included Klein's motion for a hearing to present evidence to rebut the presumption under R.C. 2903.42(A)(1) that he is required to enroll in Ohio's violent-offender database ("the VOD"). Because Klein is entitled to a hearing on his motion to rebut the VOD-enrollment presumption, we reverse the court's judgment in part and remand this cause to the common pleas court with instructions to afford Klein a hearing as contemplated under R.C. 2903.42(A)(4).

## Procedural History

{¶2} In 2006, Klein was convicted of aggravated burglary, having weapons while under a disability, and four counts of kidnapping and was sentenced to consecutive prison terms totaling 32 years. He unsuccessfully challenged his convictions on direct appeal, *State v. Klein*, 1st Dist. Hamilton No. C-060519 (June 20, 2007), and in postconviction motions filed with the common pleas court in 2013 and 2018.

{¶3} In 2019, Klein filed a postconviction motion seeking in part to modify his sentences, arguing that the evidence was legally insufficient to support three of his four kidnapping convictions, and that his aggravated-burglary and kidnapping offenses were subject to merger under R.C. 2941.25. He also sought to rebut the VOD-enrollment presumption. The common pleas court dismissed the motion to the extent it sought modification of the sentences and overruled the request to rebut the VOD-enrollment presumption because that matter was not "ripe for consideration." On appeal, this court reversed the lower court's judgment overruling Klein's motion to rebut the VOD-enrollment presumption, holding that under "the VOD statutes, Klein's right to rebut the VOD-enrollment presumption arose on March 20, 2019, when the

2

statutes became effective," and remanded for further proceedings. We affirmed the trial court's judgment in all other respects. *State v. Klein*, 2020-Ohio-6948, 65 N.E.3d 800, ¶ 24 and 26 (1st Dist.).

**{¶4}** On remand, Klein filed a "Notice of Intent to Present Evidence and Request for Hearing under [R.C.] 2903.42(A)(1)" as well as a "brief" in support, arguing that he was not the principal offender of the charged offenses because he was "actually innocent" of these crimes, and therefore, he should not be required to enroll in the VOD. In addition, he filed a supplement to his brief, setting forth the following errors that occurred at his trial: his due-process rights were violated when the trial court prevented him from fully cross-examining his accuser and prohibited him from presenting relevant mens-rea and "critical-witness" evidence; his retrial was in violation of constitutional double-jeopardy protections when the trial court erred by declaring a mistrial in his first jury trial; the evidence was insufficient to support three of his kidnapping convictions; his fourth kidnapping conviction was against the manifest weight of the evidence; and his kidnapping and aggravated-burglary offenses should have merged.

**{¶5}** Next, Klein filed a "Renewal of Motion To Vacate Void Sentence Under [R.C.] 2929.191 And Presentence Objections," asserting that his original sentences were "null and void" because the trial court had improperly imposed postrelease control. Therefore, Klein argued that he was entitled to a new sentencing hearing under R.C. 2929.191, where he can raise the same challenges to his convictions and sentences that were outlined above and included in his supplemental brief to his motion requesting a hearing under the VOD statutes.

**{¶6}** The common pleas court summarily denied these motions, and Klein now appeals.

**Assignments of Error**

**{¶7}** In his first assignment of error, Klein argues that the common pleas court "erred by refusing to provide Klein his legal due under [R.C.] 2929.191(A) when moved to do so." Under this assignment, Klein contends that he is entitled to a de novo sentencing hearing under R.C. 2929.191(A) because the trial court improperly imposed postrelease control. We overrule this assignment of error because the trial court properly imposed postrelease control as a part of Klein's sentence when it notified him at the original sentencing hearing and in the sentencing entry that his sentence would include a mandatory five-year term of postrelease control upon his release from prison and informed him of the consequences of violating postrelease control. The trial court was not required, as Klein argues, to notify him of the postrelease-control period applicable to each offense. In multiple-offense cases, the sentencing court only has a duty to notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B). *State v. Winters*, 8th Dist. Cuyahoga No. 109560, 2020-Ohio-4754, ¶ 8; *State v. Davic*, 10th Dist. Franklin No. 18AP-569, 2019-Ohio-1320, ¶ 13; *State v. Kozic*, 7th Dist. Mahoning No. 17 MA 0100, 2018-Ohio-816, ¶ 14; *State v. Reed*, 2012-Ohio-5983, 983 N.E.2d 394 (6th Dist.), ¶ 12.

**{¶8}** In his second assignment of error, Klein contends that the court erred by failing to hold a hearing as contemplated under R.C. 2903.42 on his motion to rebut the VOD-enrollment presumption and by "refusing to address the plain error presented it upon Klein's establishing of his actual innocence." The state concedes, and we agree, that it was error for the common pleas court to deny Klein's motion to rebut the VOD-enrollment presumption without first holding a hearing. In our prior decision addressing Klein's 2019 postconviction motions, we specifically noted that the VOD statutes provided "a right to a hearing on the motion to rebut." *Klein*, 2020-Ohio-6948, 165 N.E.3d 800, at ¶ 20, citing R.C. 2903.42(A)(1). But in that hearing,

the common pleas court is not tasked with reconsidering Klein's factual guilt or entertaining a collateral attack on Klein's convictions. Instead, the court, when considering a motion to rebut the VOD-enrollment presumption, is to only determine whether the defendant was the principal offender of the charged offenses and, if not, whether the defendant should still be required to enroll in the VOD. *See State v. Hall*, 2021-Ohio-1894, 173 N.E.3d 166 (2d Dist.) (the only method to rebut the presumption of having to register as a violent offender is to prove defendant is not the principal offender); R.C. 2903.42(A)(4). Therefore, the court did not err by failing to address Klein's claims of plain error and actual innocence.

{¶9} Accordingly, we sustain the second assignment of error in part and overrule it in part, and remand this cause to the common pleas court with instructions to hold a hearing as contemplated under R.C. 2903.42(A)(1) and (4).

{¶10} In Klein's third, fourth, fifth, sixth and seventh assignments of error, he sets forth the same challenges to his convictions and sentences made in his supplemental brief to his motion for a hearing to rebut the VOD-enrollment presumption and his motion containing his "presentence objections," and thus, these assignments can reasonably be read together to contend that the common pleas court erred by overruling these postconviction challenges to his convictions and sentences. We consider these assignments together and overrule them because these claims are barred by the law-of-the-case doctrine and/or res judicata. *See generally Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 1410 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Here, this court has recently determined that Klein's constitutional challenges to his sentences and/or convictions that he had raised again on remand were untimely postconviction claims that the common pleas court did not have jurisdiction to consider. *Klein*, 2020-Ohio-6948, 165 N.E.3d 800. And Klein's nonconstitutional challenges to his convictions and sentences raised on remand had been either raised and rejected in his direct appeal or

could have been raised and were not. *Klein*, 1st Dist. Hamilton No. C-060519 (June 20, 2007).

## Conclusion

{¶11} Based on the foregoing, we reverse the common pleas court's judgment in part and remand this cause for further proceedings consistent with this opinion and the law. In all other respects, the court's judgment is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

BERGERON, J., concurs.
MYERS, P.J., concurs in judgment only.

Please note:

The court has recorded its own entry on the date of the release of this opinion.