[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Appenzeller v. Black*, Slip Opinion No. 2024-Ohio-4456.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4456

APPENZELLER, APPELLANT, *v*. BLACK, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Appenzeller v. Black*, Slip Opinion No. 2024-Ohio-4456.]**

*Habeas corpus—Appellant had adequate remedy in ordinary course of law and petition therefore fails to state valid claim for habeas relief—Court of appeals' dismissal of petition affirmed.*

(No. 2024-0331—Submitted July 23, 2024—Decided September 12, 2024.)

APPEAL from the Court of Appeals for Richland County,

No. 2023 CA 0067, 2024-Ohio-240.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Russell E. Appenzeller, appeals the Fifth District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus against

appellee, Kenneth Black, warden of Richland Correctional Institution. Because Appenzeller's petition fails to state a valid claim for habeas corpus relief, we affirm.

## BACKGROUND

**{¶ 2}** In November 2006, the Lake County Court of Common Pleas ("trial court") in case No. 06-CR-000108 sentenced Appenzeller to an aggregate prison term of 28 years for multiple convictions for burglary, attempted burglary, and theft. In February 2009, in an entry addressing technical issues of merger, the trial court resentenced Appenzeller to 28 years in prison.

**{¶ 3}** In November 2023, Appenzeller filed a habeas corpus petition in the Fifth District, requesting a writ directing the warden to bring him before that court for a hearing, a determination on his detention, and an order of discharge from detention. Appenzeller attached to his petition copies of the docket sheet and sentencing entries in case No. 06-CR-000108. He challenged the trial court's jurisdiction to convict him in 2006, arguing that the State of Ohio was not a party to the action. He based this challenge on the assertion that neither the docket sheet nor the sentencing entries identify the State of Ohio as a "party."

**{¶ 4}** The Fifth District granted the warden's motion to dismiss Appenzeller's petition for failure to state a claim upon which relief can be granted. The court determined that the State of Ohio was a party to the action and that Appenzeller was not entitled to immediate release from prison. The court also held that Appenzeller had an adequate remedy in the ordinary course of the law to assert his claim.

**{¶ 5}** Appenzeller has appealed to this court as of right.

## ANALYSIS

**{¶ 6}** To be entitled to a writ of habeas corpus, a prisoner must establish that he is being unlawfully restrained of his liberty, that he is entitled to immediate release from confinement, and that he has no adequate remedy in the ordinary course of the law. *McDougald v. Bowerman*, 2020-Ohio-3942, ¶ 7. A writ of

2

habeas corpus is generally available only when the prisoner's maximum sentence has expired and he is being held unlawfully, *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998), or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *see Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8.

**{¶ 7}** A court may dismiss a habeas corpus petition under Civ.R. 12(B)(6) for failure to state a claim only if it appears beyond doubt that the petitioner can prove no set of facts entitling him to recovery. *McDougald* at ¶ 8. We review de novo a court of appeals' dismissal of a habeas petition under Civ.R. 12(B)(6). *State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 5.

**{¶ 8}** Here, Appenzeller's maximum sentence has not expired, nor does he allege that it has. He was sentenced in 2006 to serve 28 years in prison. And he has not shown that the trial court lacked jurisdiction to convict and sentence him. Appenzeller argues only that the State of Ohio was not a party to the action against him. As the court of appeals correctly noted, however, the State is listed as the "plaintiff" on Appenzeller's sentencing entries and is included in the case caption on the docket sheet. *See* 2024-Ohio-240, ¶ 8-9 (5th Dist.). Moreover, Appenzeller could have raised any issue regarding the case caption and alignment of parties on direct appeal and, therefore, had an adequate remedy in the ordinary course of the law. For these reasons, Appenzeller has not stated a valid claim for relief in habeas corpus. *See Bell v. McConahay*, 2023-Ohio-693, ¶ 10-11 (nonjurisdictional issues are not cognizable in habeas corpus).

**{¶ 9}** On appeal, Appenzeller suggests that the warden "admitted" the averments in the habeas petition by failing to file an answer. However, the warden was not required to file an answer. The court of appeals ordered the warden to "file a return, answer or otherwise plead" in response to Appenzeller's petition. The warden chose to file a motion to dismiss, which is properly treated as a return of writ. *See McIntyre v. Hooks*, 2020-Ohio-3529, ¶ 7. Appenzeller's argument lacks merit.

## CONCLUSION

{¶ 10} We affirm the Fifth District Court of Appeals' judgment dismissing Appenzeller's petition for a writ of habeas corpus under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

Judgment affirmed.

_____

Russell E. Appenzeller, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____