APPENZELLER, APPELLANT, *v.* MILLER, WARDEN, APPELLEE.

[Cite as *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719.]

*Habeas corpus—Proper removal of trial transcript from clerk's office by petitioner's own appellate counsel does not amount to break in chain of custody or denial of due process—Even if improper, removal of transcript does not constitute jurisdictional error of sentencing court and is therefore not cognizable in habeas corpus—Judgment denying writ affirmed.*

(No. 2013-0087—Submitted August 21, 2013—Decided September 4, 2013.)

APPEAL from the Court of Appeals for Belmont County, No. 12 BE 24, 2012-Ohio-6093.

————————————

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals granting the motion of appellee, Belmont Correctional Institution Warden Michelle Miller, and dismissing the petition of appellant, Russell E. Appenzeller, for a writ of habeas corpus. The local rule Appenzeller cites was not violated by his own counsel when he checked out the transcript to prepare a brief on Appenzeller's behalf, nor did such an action violate Appenzeller's right to due process or equal protection. In addition, his petition does not sustain an action in habeas corpus.

*Facts*

**{¶ 2}** Appenzeller was indicted in the Lake County Common Pleas Court on 18 felony counts. In 2006, a jury convicted Appenzeller on all counts, and the trial court sentenced him to an aggregate term of 28 years in prison. Appenzeller appealed his conviction and sentence to the Eleventh District Court of Appeals. The court affirmed in part and reversed in part, remanding the case for merging of certain offenses and resentencing. *State v. Appenzeller*, 11th Dist. Lake No.

2006-L-258, 2008-Ohio-7005.  The trial court again sentenced Appenzeller to an aggregate term of 28 years in prison. The Eleventh District affirmed.  *State v. Appenzeller*, 11th Dist. Lake No. 2009-L-027, 2009-Ohio-6384.  Appenzeller also filed a petition for postconviction relief, which the trial court denied.  The Eleventh District affirmed. *State v. Appenzeller*, 11th Dist. Lake No. 2007-L-175, 2008-Ohio-6982.

{¶ 3}  Appenzeller, incarcerated in Belmont County, filed a petition for a writ of habeas corpus in the Seventh District Court of Appeals.  *See* R.C. 2725.03 (county of incarceration has sole jurisdiction in habeas corpus).  His petition is based primarily on his contention that he was denied due process and equal protection when there was a break in the chain of custody of the trial transcript in his direct appeal. This alleged break occurred when Appenzeller's own appellate attorney checked out the transcript to prepare his brief.

*Analysis*

{¶ 4}  Appenzeller has moved for oral argument and for us to determine this appeal as if it had been originally filed in the Supreme Court.  As to oral argument, it is not required in a direct appeal.  S.Ct.Prac.R. 17.01; *State ex rel. Motor Carrier Serv., Inc. v. Rankin,* 135 Ohio St.3d 395, 2013-Ohio-1505, 987 N.E.2d 670, ¶ 16.  However, we have discretion to grant oral argument.  *Id.*; S.Ct.Prac.R. 17.02(A).  In exercising the discretion, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals."  *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25-26.  Here, as will be seen, Appenzeller does not allege issues of public importance, substantial constitutional issues, or

issues complex enough to require oral argument, and we therefore deny the request.

**{¶ 5}** As to Appenzeller's motion asking us to treat the case as if originally filed in this court, that plenary authority is generally exercised to avoid the need to remand a case for correction of an error. *Chari v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001), quoting *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.*, 88 Ohio St.3d 577, 579, 728 N.E.2d 395 (2000) (" 'The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard' "); *see also State ex rel. Cleveland Police Patrolme's Assn. v. Cleveland*, 84 Ohio St.3d 310, 312, 703 N.E.2d 796 (1999). As we have no need to remand here, exercise of this authority is unnecessary. We therefore proceed to determine the merits.

**{¶ 6}** For the same reasons given by the Seventh District, we affirm.

**{¶ 7}** Appenzeller makes a number of allegations about his prosecution and the behavior of his trial and appellate counsel. However, the main basis of his petition is his allegation that during his direct appeal, the Eleventh District Court of Appeals lost custody and control of the transcript of his trial. He points to the docket of his appeal, which shows that the transcript was checked out by his appointed appellate counsel. He asserts that this is a violation of Loc.R. 11 of the Eleventh District Court of Appeals and of his equal-protection and due-process rights.

**{¶ 8}** Appenzeller's petition was properly dismissed. The relevant rule clearly allows for removal of the transcript from the clerk's office for 14 days with permission. *See* Loc.R. 11 of the Eleventh District Court of Appeals ("Permission for removal of the transcript may be granted upon application on a form provided and approved by the judges of this court").

**{¶ 9}** But no irregularity in the removal of the transcript could support Appenzeller's right to the requested relief. Appenzeller makes no argument regarding the jurisdiction of the court that sentenced him. Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593, 635 N.E.2d 26 (1994). Here, Appenzeller could have moved for a renewed petition for postconviction relief to vindicate any legitimate claims against the Eleventh District Court of Appeals. He thus had a remedy at law and has failed to state a proper claim in habeas corpus.

**{¶ 10}** We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Russell E. Appenzeller, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____