**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Dunkle v. Dept. of Rehab. & Corr.,* **Slip Opinion No. 2017-Ohio-551.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-551

DUNKLE, APPELLANT, *v.* DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dunkle v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2017-Ohio-551.]**

*Habeas corpus—Habeas corpus lies only to challenge sentencing court's jurisdiction—Sentencing errors are not jurisdictional—Court of appeals' dismissal of habeas petition premised on errors in sentencing entry affirmed.*

(No. 2015-1685—Submitted January 10, 2017—Decided February 22, 2017.)

APPEAL from the Court of Appeals for Marion County,

No. 9-15-28.

————————

**Per Curiam.**

{¶ 1} We affirm the Third District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, David Dunkle.

*Facts*

**{¶ 2}** In 1986, in the Licking County Court of Common Pleas, Dunkle pleaded guilty to an 11-count indictment that charged him with 5 counts of rape in violation of R.C. 2907.02 (Counts 1 through 5) and 6 counts of complicity to rape in violation of R.C. 2702.02 and 2923.03(A)(4) (Counts 6 through 11).  Count 6 included a firearm specification pursuant to R.C. 2929.71, and Counts 6 through 9 alleged that one of the victims was under the age of 13 and that through force or threat of force, Dunkle compelled that victim to rape the other victims.

**{¶ 3}** The trial court sentenced him to indefinite prison terms of 10 to 25 years for each of Counts 1 through 5 and Counts 10 and 11, to life imprisonment for each of Counts 6 through 9, and to a three-year term for the firearm specification attached to Count 6.  The court ordered that he serve the indefinite prison term imposed for Count 1 consecutively to the life sentences imposed for Counts 6 through 9, that he serve each of the life sentences consecutively, and that he serve the sentence for the firearm specification consecutively to all the other sentences. Dunkle is currently serving his sentences at the Marion Correctional Institution.

**{¶ 4}** On July 13, 2015, Dunkle filed a petition for a writ of habeas corpus in the Third District Court of Appeals, arguing, based on errors in the sentencing entry, that the trial court acted outside its jurisdiction and improperly imposed the life terms.  According to Dunkle, in the sentencing entry, the judge "changed" the crimes charged in Counts 6 through 9 to "complicity to commit rape" from "complicity to rape" and incorrectly identified the crimes charged in those counts as violations of "R.C. 2923.02(A)(4)," which at the time of Dunkle's sentencing, as now, does not exist in the Ohio Revised Code.[1]  Dunkle appears to contend that the court's mistake in citing R.C. 2923.02(A)(4) in Counts 6 through 9 means that

---

[1] The indictment correctly identified the crimes charged in Counts 6 through 9 as violations of R.C. 2923.03(A)(4).

2

the court had no jurisdiction to sentence him for those offenses. The Department of Rehabilitation and Correction filed a motion to dismiss Dunkle's petition.

{¶ 5} On September 30, 2015, the court of appeals granted the department's motion and dismissed Dunkle's petition for a writ of habeas corpus.

*Analysis*

{¶ 6} The court of appeals properly dismissed Dunkle's petition for a writ of habeas corpus because he did not set forth a valid challenge to the jurisdiction of the sentencing court and because he has, or had, an adequate remedy in the ordinary course of the law to raise his sentencing errors. Therefore, we affirm.

{¶ 7} Dunkle challenges his 1986 sentencing entry and argues that it is void because of two errors: the addition of the word "commit" in its description of the offense of complicity to commit rape in violation of R.C. 2907.02 and 2923.03(A)(4) and the error in identifying the section of the Revised Code that defines complicity. He claims that these errors deprived the trial court of jurisdiction to sentence him to life imprisonment for the crimes charged in Counts 6 through 9, and he reasons that he is therefore entitled to immediate release.

{¶ 8} "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9, citing R.C. 2725.05. In his habeas corpus petition, Dunkle challenged the validity of the 1986 sentencing entry, but "sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus," *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 13. The trial court had general subject-matter jurisdiction over Dunkle's case under R.C. 2931.03. Dunkle has failed to present a valid challenge to the jurisdiction of the Licking County trial court to sentence him in that case.

{¶ 9} "The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller* at ¶ 9. Dunkle had the right to a direct appeal from his conviction and

sentence, and in a direct appeal he could have challenged the validity of his sentencing entry, because it was part of the record. The availability of adequate remedies in the ordinary course of the law, even if those remedies were not sought or were unsuccessful, precludes the issuance of a writ of habeas corpus. *O'Neal* at ¶ 14-15.

{¶ 10} Because Dunkle has failed to raise a valid challenge to the trial court's jurisdiction to sentence him and because he had an adequate remedy in the ordinary course of the law, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

David Dunkle, pro se.

Michael DeWine, Ohio Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____