[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barnette v. Hill*, Slip Opinion No. 2022-Ohio-2469.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2469

THE STATE EX REL. BARNETTE, APPELLANT, *v*. HILL, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barnette v. Hill*, Slip Opinion No. 2022-Ohio-2469.]

*Habeas corpus—Allegations of errors in grand-jury process not cognizable in habeas corpus—Adequate remedy in ordinary course of law to challenge validity of an indictment—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-1595—Submitted May 24, 2022—Decided July 20, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-0030.

_____

**Per Curiam.**

{¶ 1} Appellant, Lorenza Barnette, an inmate at the Marion Correctional Institution, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus against the prison's warden, appellee Leon Hill. Barnette has also filed a motion for an order compelling the Mahoning County

Clerk of Courts to submit the complete record of his underlying criminal case for consideration in this appeal. We deny the motion and affirm the judgment of the court of appeals.

## I. Background

{¶ 2} In October 2009, Barnette was indicted in Mahoning County on multiple felonies, including aggravated murder. At trial, he was convicted of four counts of aggravated murder, two counts of kidnapping, and one count of arson. He was sentenced to two consecutive terms of life in prison without the possibility of parole for the aggravated murders and an aggregate prison term of 21 years and 6 months for the other felonies; all sentences were ordered to be served consecutively.

{¶ 3} The Seventh District Court of Appeals affirmed the convictions and sentences. *State v. Barnette*, 7th Dist. Mahoning No. 11 MA 196, 2014-Ohio-5673. We declined to accept jurisdiction over an appeal. 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133.

{¶ 4} On September 13, 2021, Barnette filed a petition for a writ of habeas corpus in the Third District. He claimed to be entitled to "an order of actual innocence" and immediate release because of various alleged errors in the grand-jury process that led to his indictment. The Third District granted Hill's motion to dismiss the petition for failure to state a claim upon which relief can be granted. 3d Dist. Marion No. 9-21-30.

{¶ 5} Barnette appealed. Before filing his merit brief, Barnette filed a motion to supplement the record, which Hill opposed.

## II. Legal analysis

### A. *The Third District correctly dismissed the petition*

{¶ 6} We review de novo a court of appeals' judgment dismissing a petition for a writ of habeas corpus. *Davis v. Hill*, 116 Ohio St.3d 516, 2022-Ohio-485, 187 N.E.3d 543, ¶ 6. To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to

immediate release from prison or other confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "A writ of habeas corpus 'will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law.' " *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6, quoting *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

**{¶ 7}** In his petition, Barnette alleged that his convictions are void due to errors in the grand-jury process. Specifically, he claimed that (1) there was no oath or affirmation at the grand jury, (2) the indictment was not properly returned, (3) the prosecutor improperly withheld portions of the grand-jury record, (4) the grand jury lacked a quorum, (5) there was no probable-cause hearing before the grand jury initiated its investigation, (6) the grand-jury members were not selected or summoned according to law, and (7) the prosecutor presented misleading and insufficient evidence to the grand jury. These allegations do not state a claim cognizable in habeas corpus.

**{¶ 8}** "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998). An inmate has an adequate remedy by way of direct appeal to challenge the validity of an indictment. *McDougald v. Bowerman*, 161 Ohio St.3d 268, 2020-Ohio-3942, 162 N.E.3d 762, ¶ 9. Therefore, challenges to the validity of an indictment are not cognizable in habeas corpus. *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.

**{¶ 9}** Barnette's petition reframed the issue as a due-process violation, but due-process claims are not cognizable in habeas corpus. *Jackson v. Johnson*, 135

Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3.  Nor can Barnette's petition withstand dismissal by alleging prosecutorial misconduct.  *State ex rel. Hadlock v. McMackin*, 61 Ohio St.3d 433, 434, 575 N.E.2d 184 (1991) (allegation that prosecutor secured indictment through fraud is not cognizable in habeas).

{¶ 10} For these reasons, we hold that the court of appeals correctly dismissed Barnette's petition for failure to state a claim upon which relief can be granted.

*B.  Barnette is not entitled to relief based on a legal theory presented for the first time on appeal*

{¶ 11} In his merit brief on appeal, Barnette abandons his challenges to the validity of his indictment in favor of an entirely new argument.  Barnette's kidnapping conviction was subject to a mandatory five-year term of postrelease control, which was not imposed in the 2009 sentencing entry.  In 2019, the trial court held a resentencing hearing and issued a new sentencing entry imposing postrelease control.  On appeal, the Seventh District held that the trial court had exceeded the scope of its authority by holding a full resentencing hearing.  The Seventh District reversed and remanded "for the limited purpose to allow the trial court to hold a notification of post release control hearing in accordance with R.C. 2929.191."  *State v. Barnette*, 7th Dist. Mahoning No. 19 MA 0114, 2020-Ohio-6817, ¶ 26.  On remand, the trial court journalized an entry in June 2021 that provided notice of postrelease control but did not expressly reimpose the prison sentences.  Barnette now argues that the June 2021 entry controls and because that entry did not reimpose his other sentences, he is entitled to immediate release.

{¶ 12} We decline to consider this argument.  Barnette may not raise a new argument for the first time on appeal.  In an extraordinary-writ case, "a relator 'waive[s] new claims that he raises on appeal by failing to raise them in his original or amended petition.' " (Brackets sic.)  *State ex rel. Russell v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 274, 2018-Ohio-2693, 104 N.E.3d 767, ¶ 12, quoting *State*

*ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 6.

### C. The motion to supplement the record

**{¶ 13}** In his motion to supplement the record, Barnette complains that the record before this court contains only the habeas proceedings in the Third District. He asks us to order the Mahoning County clerk to transfer the complete trial-court record to aid this court in determining which sentencing entry is applicable. But if Barnette considered the June 2021 entry relevant to his claims, then he should have attached it to his petition when he filed it in September 2021.

**{¶ 14}** Barnette filed a habeas petition based on arguments that did not state a claim for relief as a matter of law. Just as he may not raise arguments for the first time on appeal, he may not add evidence to the appellate record in support of those claims. Because Barnette has waived any arguments arising out of the June 2021 nunc pro tunc entry, it follows that the trial-court file has no relevant information. We therefore deny the motion to supplement the record.

### III. Conclusion

**{¶ 15}** We affirm the court of appeals' dismissal of Barnette's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Lorenza Barnette, pro se.

Dave Yost, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

————————————