[Cite as *Black v. Hunsinger-Stuff*, 2025-Ohio-2198.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES BLACK, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Petitioner | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| ANGELA HUNSINGER-STUFF, | : | Case No. 2025 CA 0026 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Habeas Corpus

JUDGMENT:                                          Dismissed

DATE OF JUDGMENT:                          June 23, 2025

APPEARANCES:

For Petitioner                                        For Respondent

JAMES BLACK, #472-415                    ANGELA HUNSINGER-STUFF
Richland Correctional Institution          Richland Correctional Institution
1001 Olivesburg Road                         1001 Olivesburg Road
Mansfield, OH  44905                          Mansfield, OH  44905

*Montgomery, J.*

**{¶1}** On April 7, 2025, Petitioner James Black filed a Petition for a Writ of Habeas Corpus. Black maintains he is being unlawfully held in the Richland Correctional Institution by Respondent Angela Hunsinger-Stuff. He requests a hearing before this Court and immediate release which he claims is the only sound and lawful remedy.

**{¶2}** For the following reasons, we find Black is not entitled to habeas corpus relief and we grant Respondent Hunsinger-Stuff's Amended Motion to Dismiss.

## Background

**{¶3}** Black alleges the following grounds as a basis for his claim that he is unlawfully imprisoned: (1) undue delay in sentencing; (2) tampering with court records and documents; (3) due process violation; and (4) newly discovered evidence. The following facts give rise to each ground.

**{¶4}** First, Black alleges the Cuyahoga County Court of Common Pleas violated his right to be sentenced without undue delay because the trial court judge never imposed judgment in that court. Black asserts due to this unnecessary delay the time to correct this jurisdictional error has expired and he must be immediately released from his unlawful confinement.

**{¶5}** Second, Black alleges the Cuyahoga County Court of Common Pleas tampered with court records and documents. Black states on May 15, 2013, he filed a Motion to Dismiss Due to Newly Discovery (sic) Evidence Under Criminal Rule 33(B) and Undue Delay in Sentencing Pursuant to Criminal Rule 32(A) and Sup.R. 39(B)(4). Black contends for nearly 12 years the court failed to file, acknowledge or respond to the motion. He further alleges the court filed the motion under a fictional case number (Cuyahoga

County Case No. CR-79-049147-ZA) that has no connection to his case. Black contends he only has three case numbers in Cuyahoga County (CR-79-048569–ZA; CR-03-180779-ZA; CR-03-441914-ZA). Black maintains because this motion has not been addressed by the trial court for 12 years he is entitled to immediate release.

{¶6} Third, Black alleges a denial of due process claim based on his previous arguments concerning the unnecessary delay in sentencing and tampering with court records and documents. Because of the alleged denial of his due process rights, Black maintains he is entitled to immediate release from prison.

{¶7} Fourth, Black reiterates his previous argument about the motion filed on May 15, 2013, regarding newly discovered evidence that he alleges was filed in the wrong case number and never addressed by the trial court.

{¶8} On April 22, 2025, Respondent Hunsinger-Stuff filed a Motion to Dismiss/Motion for Summary Judgment. On this same date, Hunsinger-Stuff filed an Amended Motion to Dismiss/Motion for Summary Judgment. On May 27, 2025, Black filed a Motion for Leave to File Petitioners (sic) "Motion to Deny Respondents (sic) Summary Judgment Motion and Proceed with Habeas Corpus Petition Instanter[.]" We granted Black's motion on June 2, 2025. Thereafter, on this same day, Black filed his Motion to Deny Respondents (sic) Summary Judgment Motion and Proceed with Habeas Corpus Petition. We will address Hunsinger-Stuff's motion under Civ.R. 12(B)(6).

## Analysis

### A. Habeas corpus elements and Civ.R. 12(B)(6) standard

{¶9} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty, that he is entitled to immediate release from

prison or confinement, and that petitioner has no adequate remedy in the ordinary course of the law. *Appenzeller v. Black*, 2024-Ohio-4456, ¶ 6, citing *McDougald v. Bowerman*, 2020-Ohio-3942, ¶ 7. "A writ of habeas corpus is generally available only when the prisoner's maximum sentence has expired and he is being held unlawfully, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction." (Citation omitted.) *Id.* at ¶ 6. Finally, habeas corpus is not available when an adequate remedy at law exists. (Citations omitted.) *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

{¶10} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. (Citation omitted.) *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). For a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. (Citation omitted.) *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

{¶11} If a petition does not satisfy the requirements of a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. (Citation omitted.) *Flora v. State*, 2005-Ohio-2383, ¶ 5 (7th Dist.). Finally, we are permitted to consider material incorporated within a complaint as part of that pleading, without having to convert the matter to a summary judgment proceeding. *See Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 14 (2d Dist.), citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997). (" 'Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.' ")

**B.** *Black is not entitled to habeas corpus relief due to a delay in sentencing.*

**{¶12}** Black maintains he was never convicted or sentenced, in open court, by the Cuyahoga County Court of Common Pleas. Despite making this statement, Black attached Exhibit A to his petition, which is a Judgment Entry of Sentence from the Cuyahoga County Common Pleas Court in case number CR-441914. This entry indicates Black was sentenced on September 1, 2004. Black was present at the sentencing hearing, represented by counsel, given an opportunity to speak and present witnesses, and afforded all rights under Crim.R. 32. As a result of his convictions for aggravated murder and kidnapping, the court sentenced him to life in prison with first parole eligibility in 20 years for the count of aggravated murder and ten years in prison for kidnapping.

**{¶13}** Based on this evidence we are uncertain why Black asserts he was never sentenced by the Cuyahoga County Court of Common Pleas. Even if this Court found a sentencing error, the Ohio Supreme Court has " 'consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus.' " *State ex rel. Sneed v. Anderson*, 2007-Ohio-2454, ¶ 7, quoting *Majoros v. Collins*, 64 Ohio St.3d 442, 443 (1992).

**C.** *Black is not entitled to habeas corpus relief for alleged tampering of evidence.*

**{¶14}** For his tampering with evidence claim, Black alleges a Motion to Dismiss Due to Newly Discovered Evidence Under Criminal Rule 33(B) and Undue Delay in Sentencing Pursuant to Criminal Rule 32(A) and Sup.R. 39(B)(4) was filed in a fictitious case number. Black submitted Exhibit C in support of this argument. This exhibit is a printout of the docket from Cuyahoga County case number CR-79-049147-ZA. The caption of the case is State of Ohio v. James Black.

*{¶15}* If Black believes this motion was filed in the wrong case, he could have brought this to the Cuyahoga County Clerk of Court's attention. Further, the appropriate avenue to require the trial court to rule on his motion would not be a writ of habeas corpus, but instead a writ of mandamus or procedendo.

*{¶16}* Further, as to the merits of Black's pending motion, he either has or had available to him remedies in the ordinary course of the law to raise his claim of newly discovered evidence, *e.g.*, a petition for post-conviction relief or a motion for leave to file a motion for new trial (even assuming that he discovered the purported new evidence after the time for his direct appeal had passed.) R.C. 2953.23(A). Because he could have addressed this issue by post-conviction remedies, his motion based on newly discovered evidence cannot serve as a basis for habeas corpus relief. *See Lloyd v. Robinson*, 2015-Ohio-1331, ¶ 21 ("Because [petitioner] can or could have raised these claims by employing these postconviction remedies in the ordinary course of law, he is not entitled to the requested extraordinary relief in habeas corpus to raise them.")

**D.** *Due process claims are not cognizable in habeas corpus.*

*{¶17}* Black maintains he is entitled to habeas corpus relief because he has been denied due process regarding the alleged unnecessary delay in sentencing and tampering with records and documents. As expressed above, we do not find any support for these allegations, and they do not serve as a basis for habeas corpus relief. Further, the Ohio Supreme Court clearly stated in *State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 9, citing *Jackson v. Johnson*, 2013-Ohio-999, ¶3 that due-process claims are not cognizable in habeas corpus.

### E. Black has not served his maximum sentence.

**{¶18}** Finally, Black's maximum sentence has not expired. He was sentenced in 2004 to life in prison with first parole eligibility in 20 years for the count of aggravated murder and 10 years in prison for kidnapping. The sentences are being served concurrently. Black's expected release date/parole eligibility date is July 1, 2033. Ohio Department of Rehabilitation & Correction, *Offender Search*, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A472415 (Accessed on May 16, 2025). Black's maximum sentence has not expired and therefore, he is not entitled to habeas corpus relief.

### Conclusion

**{¶19}** For the foregoing reasons, we grant Respondent Hunsinger-Stuff's Motion to Dismiss under Civ.R. 12(B)(6). Black can prove no set of facts entitling him to habeas corpus relief. Black's request for a hearing and immediate release are denied. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶20}** MOTION TO DISMISS GRANTED.

**{¶21}** CAUSE DISMISSED.

**{¶22}** COSTS TO PETITIONER.

**{¶23}** IT IS SO ORDERED.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.