[Cite as *Krug v. Stuff*, 2025-Ohio-3039.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE EX REL. JON PAUL KRUG | Case No. 2025 CA 0042 |
| Petitioner | Opinion And Judgment Entry |
| -vs- | Writ of Habeas Corpus |
| ANGELA STUFF, WARDEN | Judgment: Dismissed |
| Respondent | Date of Judgment Entry: August 25, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montomery; Kevin W. Popham, Appellate Judges

**APPEARANCES:** JON P. KRUG, Pro Se, Petitioner; WILLIAM H. LAMB, Assistant Attorney General, for Respondent.

OPINION

*Baldwin, P.J.*

{¶1} On July 8, 2025, Petitioner Jon Paul Krug filed a Petition for Writ of Habeas Corpus under R.C. 2725.01, challenging the legality of his continued confinement. Krug asserts the trial court improperly added twenty years to his prison sentence based on two repeat violent offender (RVO) specifications, even though a jury did not convict him of those specifications. He argues the additional sentence is unconstitutional and void. Krug maintains his lawful sentence of 17½ years expired on June 30, 2025, and he therefore seeks immediate release from custody.

{¶2} For the following reasons, we find Krug is not entitled to habeas corpus relief and we grant Respondent Warden Angela Stuff's Motion to Dismiss.

## I.    Background

**{¶3}**    As a result of a bar fight in which Krug stabbed the bar owner and an employee, a jury convicted him of four counts of felonious assault and one count of carrying a concealed weapon. Each of the four felonious assault counts included an RVO specification.

**{¶4}**    At sentencing, the trial court merged the four felonious assault counts into two for purposes of sentencing and imposed consecutive sentences on those two counts. The court also imposed a consecutive sentence for the concealed weapon conviction, resulting in a total sentence of 17½ years. Additionally, the court merged the four RVO specifications into two ten-year enhancements, which were also imposed consecutively, bringing Krug's total sentence to 37½ years in prison.

**{¶5}**    Krug filed a direct appeal. He raised five assignments of error, one of which included a challenge to the RVO specifications. *State v. Krug*, 2009-Ohio-3815, ¶ 120 (11th Dist.). The Eleventh District Court of Appeals specifically addressed the same argument Krug raises here regarding the RVO specifications. Namely, the trial court engaged in judicial fact-finding when it imposed an enhanced sentence under the RVO specifications. The court of appeals rejected this argument finding Krug received the additional penalty under the mandatory provisions (R.C. 2929.14(D)(2)(b)) and no judicial fact-finding was required before sentencing him to two additional prison terms for the RVO specifications. *Id*. at ¶169-171. The Ohio Supreme Court did not allow Krug's discretionary appeal. *State v. Krug*, 2010-Ohio-3331.

**{¶6}**    Krug next appealed the denial of a postconviction petition to the Eleventh District Court of Appeals. *State v. Krug*, 2009-Ohio-6232. Krug argued, in his petition, that pretrial publicity denied him a fair trial and that his counsel was ineffective for failure to effectively cross-examine two witnesses. The court of appeals rejected these arguments on the merits and applied the doctrine of res judicata. The Ohio Supreme Court did not allow Krug's discretionary appeal. *State v. Krug*, 2010-Ohio-354.

**{¶7}** Krug thereafter filed two motions in the trial court seeking leave to file a delayed motion for a new trial and a motion for disclosure of a partial transcript of the grand jury proceedings. The trial court denied both motions and Krug appealed. *State v. Krug*, 2018-Ohio-3248 (11th Dist.). The court of appeals affirmed the trial court's denial of his motions. Krug's discretionary appeal to the Ohio Supreme Court was not allowed. *State v. Krug*, 2018-Ohio-4962.

**{¶8}** Lastly, Krug raised a sentencing claim, in the Eleventh District Court of Appeals, challenging the sentencing entry from the trial court regarding post-release control sanctions. *State v. Krug*, 2019-Ohio-926 (11th Dist.). The court of appeals rejected Krug's argument, and the Ohio Supreme Court did not allow his discretionary appeal. *State v. Krug*, 2019-Ohio-2780.

**{¶9}** In his petition for writ of habeas corpus, Krug sets forth four grounds for relief: (1) the sentence imposed by the trial court exceeds the lawful maximum sentence authorized by the jury's verdict; (2) the add-on sentence was based on unconstitutional judicial fact-finding; (3) the sentence entry referenced an RVO designation under R.C. 2929.14(D)(2)(b), which was never imposed in open court; and (4) the trial court denied him due process when his nunc pro tunc motion to correct the error was denied without substantive review.

**{¶10}** On July 16, 2025, Warden Stuff filed a Motion to Dismiss under Civ.R. 12(B)(6). Krug filed a reply in support of his petition on July 21, 2025.

## II. Analysis

### A.      *Habeas corpus elements and Civ.R. 12(B)(6) standard*

**{¶11}** "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8.

**{¶12}** Warden Stuff requests dismissal of Krug's petition under Civ.R. 12(B)(6). The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

> B. *The trial court did not engage in judicial fact-finding and Krug's sentence does not exceed the statutory maximum sentence authorized by the jury's verdict.*

**{¶13}** Krug contends that as of June 30, 2025, his incarceration is unlawful because the sentence imposed exceeds the statutory maximum authorized by the jury's verdict. In support of this argument, Krug alleges the trial court imposed an enhanced sentence under the RVO specifications by engaging in judicial fact-finding. Krug claims this exceeded the trial court's subject-matter jurisdiction and violated his rights.

**{¶14}** Krug raised this argument in his direct appeal and the Eleventh District Court of Appeals rejected it. *See Krug*, 2009-Ohio-3815, at ¶168. The court of appeals explained the RVO penalty enhancement, under the amended version of R.C. 2929.14(D)(2)(a) and (D)(2)(b), under which Krug was sentenced, provides for both mandatory ((D)(2)(b)) and discretionary ((D)(2)(a)) enhancements. *Id*. at ¶ 142. A court is to first look at the mandatory provision under subsection (D)(2)(b). *Id*.

**{¶15}** When an RVO does not fit the criteria for mandatory penalty enhancement, subsection (D)(2)(a) permits the penalty enhancement if all of the following criteria are satisfied: "(1) the offender is convicted or pled guilty to the RVO specification; (2) the current offense caused serious physical harm; (3) the court imposes the longest prison term for the underlying offense; (4) the court finds the prison terms are inadequate to punish the offender and protect the public; and (5) the court finds the prison terms are demeaning to the seriousness of the offense." *Id*. at ¶ 143.

**{¶16}** The court of appeals explained that the trial court imposed the additional penalty under the mandatory provisions in subsection (D)(2)(b). *Id*. at ¶ 169. The court held that "[b]ecause Mr. Krug was given the additional penalty under the *mandatory* provisions, no judicial factfinding was required, and the court did not engage in such impermissible factfinding before sentencing Mr. Krug to two additional prison terms for the RVO specifications." (Emphasis in original.) *Id*. at ¶ 171.

**{¶17}** Because Krug raised this judicial fact-finding argument in his direct appeal, he cannot raise it again in his habeas corpus petition and therefore cannot state a claim for habeas corpus relief. *See Wells v. Hudson*, 2007-Ohio-1955, ¶ 7 ("Wells had previously raised the issue of the propriety of the verdicts in his direct appeal. Wells may not use habeas corpus to obtain successive appellate reviews of the same issue." [Citation omitted.]); *State ex rel. Rash v. Jackson*, 2004-Ohio-2053, ¶ 12 ("Moreover, in his direct appeal, Rash already raised the same claim concerning R.C. 2945.06 and Crim.R. 11(C)(3). Rash may not use habeas corpus to gain successive appellate reviews of the same issue." [Citations omitted.]).

### C. *The sentencing judgment entry does not contain a material defect that voids Krug's sentence.*

**{¶18}** According to Krug, the sentencing entry references R.C. 2929.14(D)(2)(b) as the statutory basis for the RVO enhancements, despite the court's oral pronouncement, at his sentencing hearing, under R.C. 2929.14(D)(2)(a). He maintains this is not merely a clerical error in nature but instead substantially alters the legal basis for his sentence.

**{¶19}** In support of this argument, Krug cites *State v. Bonnell*, 2014-Ohio-3177. *Bonnell* dealt with the imposition of consecutive terms of imprisonment and the requirement that the trial court make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry. *Id*. at ¶ 37. Under *Bonnell*, no reasons must be stated by the trial court to support its findings. *Id*.

**{¶20}** We find *Bonnell* inapplicable because Krug's argument does not concern the imposition of consecutive sentences but instead RVO specifications. Even though it appears the trial court referenced subsection (D)(2)(a) at Krug's sentencing hearing when it found him to be a repeat violent offender (Tr., Apr. 29, 2008), p. 23), a court speaks through its journal. *State v. Brooke*, 2007-Ohio-1533, ¶ 47. The Judgment Entry of Sentence references both subsections when it found Krug to be a repeat violent offender (Judgment Entry of Sentence, May 6, 2008, p. 2), and the Eleventh District Court of Appeals subsequently determined on direct appeal that Krug was sentenced under subsection (D)(2)(b) of R.C. 2929.14.

**{¶21}** Even if the trial court committed a sentencing error, which the court of appeals determined it did not, a defect in a sentencing entry does not require immediate release under the writ of habeas corpus. "'[S]entencing errors are not jurisdictional and thus are not cognizable in habeas corpus[.]'" *Dunkle v. Dept. of Rehab. & Correction*, 2017-Ohio-551, ¶ 8, citing *State ex rel. O'Neal v. Bunting*, 2014-Ohio-4037, ¶ 13. "'Habeas corpus will lie only to challenge the jurisdiction of the sentencing court.'" *Id.*, citing *Appenzeller v. Miller*, 2013-Ohio-3719, ¶ 9, citing R.C. 2725.05.

**{¶22}** Krug contends the trial court's alleged error renders his sentence void. In *State v. Henderson*, 2020-Ohio-4784, the supreme court held that "[i]f a trial court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *Id.* at ¶ 37. "[A] sentence that is voidable cannot be challenged in habeas corpus, because the inmate has an adequate remedy through direct appeal." *State ex rel. Slaughter v. Foley*, 2021-Ohio-4049, ¶ 9, citing *Kelley v. Wilson*, 2004-Ohio-4883, ¶ 14. Krug has presented no evidence challenging the jurisdiction of the trial court.

**{¶23}** Further, Krug pursued a direct appeal following his sentencing and failed to raise this argument that he raises herein. "The availability of adequate remedies in the ordinary course

of the law, even if those remedies are not sought or were successful, precludes the issuance of a writ of habeas corpus. *Dunkle*, 2017-Ohio-551, at ¶ 9, citing *O'Neal* at ¶ 14-15.

**{¶24}** Krug's sentencing argument does not raise a challenge to the trial court's jurisdiction to sentence him. Further, this argument could have been raised in his direct appeal to the Eleventh District Court of Appeals. Therefore, Krug had an adequate remedy in the ordinary course of the law, and he cannot state a claim for habeas corpus relief.

> D. *Krug is not entitled to habeas corpus relief based on an alleged due process violation.*

**{¶25}** Krug maintains he sought to correct the alleged sentencing error through post-conviction remedies, including moving for a "Nunc Pro Tunc" on February 10, 2025. Krug requested the trial court amend its sentencing judgment entry to reflect only the RVO designation under R.C. 2929.14(D)(2)(a) as orally announced at his sentencing hearing rather than R.C. 2929.14(D)(2)(b) referenced in the Judgment Entry of Sentence. He alleges the trial court summarily denied his motion without addressing the constitutional aspects of the alleged error. Krug claims this was a denial of his due process rights and therefore, he is entitled to relief in habeas corpus.

**{¶26}** The Ohio Supreme Court has clearly stated that due-process claims are not cognizable in habeas corpus. *Black v. Hunsinger-Stuff*, 2025-Ohio-2198, ¶ 17, citing *State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 9, citing *Jackson v. Johnson*, 2013-Ohio-999, ¶ 3. Therefore, Krug cannot state a claim for habeas corpus relief due to an alleged due process violation.

## III. Conclusion

**{¶27}** For the foregoing reasons, we grant Warden Stuff's Motion to Dismiss under Civ.R. 12(B)(6). Krug can prove no set of facts entitling him to habeas corpus relief. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION TO DISMISS GRANTED.

CAUSE DISMISSED.

COSTS TO PETITIONER.

IT IS SO ORDERED.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.