[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Krug v. Stuff*, Slip Opinion No. 2026-Ohio-1995.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1995

THE STATE EX REL. KRUG, APPELLANT, *v*. STUFF, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Krug v. Stuff*, Slip Opinion No. 2026-Ohio-1995.]

*Habeas corpus—Inmate's claims challenging his sentence and the sentencing entry and alleging violation of his due-process rights are not cognizable in habeas corpus—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2025-1273—Submitted March 24, 2026—Decided June 3, 2026.)

APPEAL from the Court of Appeals for Richland County,

No. 2025 CA 0042, 2025-Ohio-3039.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Jon Paul Krug, is incarcerated at the Richland Correctional Institution, where appellee, Angela Stuff, is the warden. Krug appeals the Fifth District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus. Because the Fifth District correctly determined that Krug had failed to state a valid claim for relief in habeas corpus, we affirm.

## I. BACKGROUND

{¶ 2} Krug has been incarcerated since his 2008 convictions in the Lake County Court of Common Pleas on felonious-assault and concealed-weapons charges arising from a bar fight in which he stabbed and seriously injured two people. In July 2025, he filed a petition for a writ of habeas corpus in the Fifth District, arguing that he was entitled to immediate release from prison because his sentence expired on June 30, 2025.

{¶ 3} Krug was convicted by a jury in April 2008 on four counts of felonious assault and one count of carrying concealed weapons. Each of the four felonious-assault counts carried a repeat-violent-offender ("RVO") specification. During the trial, Krug stipulated that he previously had been convicted of violent offenses as alleged in the RVO specifications. The trial court found that Krug was a repeat violent offender under former R.C. 2929.14(D)(2) (now R.C. 2929.14(B)(2)). After merging the four felonious-assault counts into two for purposes of sentencing, the court imposed an aggregate prison sentence of 37 years and 6 months: 8 years for each of the two felonious-assault counts that remained after merger and 18 months for the concealed-weapons charge, to be served consecutively, and an additional 10-year term for each RVO specification attached to the two merged felonious-assault charges that remained after merger, to run consecutively to all other counts.

{¶ 4} Krug appealed to the Eleventh District Court of Appeals. As pertinent here, he argued that the trial court erred by engaging in impermissible judicial

factfinding before it imposed additional prison terms for the RVO specifications. *State v. Krug*, 2009-Ohio-3815, ¶ 40, 121, 168 (11th Dist.). The court of appeals affirmed, overruling this assignment of error and holding that the trial court had imposed the additional two terms for the RVO specifications under the mandatory provisions of former R.C. 2929.14(D)(2)(b), not the discretionary provisions of subsection (D)(2)(a), and thus did not engage in impermissible factfinding before sentencing Krug to those two terms. *Id*. at ¶ 168-171. This court did not accept Krug's discretionary appeal for review. 2010-Ohio-3331.

{¶ 5} In February 2025, Krug filed a motion for a nunc pro tunc order in the trial court, contending that whereas the sentencing entry recites that the court imposed additional prison terms for the RVO specifications under the mandatory provisions of former R.C. 2929.14(D)(2)(b), the court "orally pronounced" during the sentencing hearing that it was imposing the additional terms under subsection (D)(2)(a), which provides for a discretionary RVO designation. According to Krug's habeas petition, the court "summarily denied this motion without addressing the constitutional dimensions of the error." Krug does not appear to have appealed this ruling, and neither the nunc pro tunc motion nor the sentencing entry denying it are included in the record.

{¶ 6} On July 8, 2025, Krug filed his habeas petition in the Fifth District, alleging three grounds for relief: (1) Krug's sentence exceeds the statutory maximum authorized by the jury's verdict in that the trial court engaged in impermissible judicial factfinding before imposing additional prison terms for the RVO specifications, (2) the sentencing entry contains a material defect that renders Krug's sentence void, and (3) the trial court violated Krug's due-process rights when denying his motion for a nunc pro tunc order. Each of these arguments is premised on Krug's assertion that the trial court impermissibly designated him as a repeat violent offender under former R.C. 2929.14(D)(2)(a), as stated during the

sentencing hearing, rather than under subsection (D)(2)(b), as recited in the sentencing entry. The warden filed a motion to dismiss under Civ.R. 12(B)(6).

{¶ 7} The Fifth District granted the warden's motion, rejecting all three of Krug's arguments. First, the court held that Krug's argument that the trial court engaged in judicial factfinding before imposing additional prison terms for the RVO specifications did not state a claim for habeas relief, because he had asserted the same argument on direct appeal. 2025-Ohio-3039, ¶ 17. Second, the court held that Krug's argument that the sentencing entry was defective was not cognizable in habeas corpus, because sentencing errors are not jurisdictional and any error would not render the sentence void. *Id*. at ¶ 21-22. The court also held that Krug had an adequate remedy in the ordinary course of the law by way of direct appeal, thus precluding the issuance of a writ of habeas corpus. *Id*. at ¶ 23. Third, the court held that Krug's argument that he was denied due process was not cognizable in habeas corpus. *Id*. at ¶ 26.

{¶ 8} Krug filed an application for reconsideration, which the Fifth District denied. He has now appealed to this court as of right.

## II. ANALYSIS

### A. Legal Standards

{¶ 9} We review de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Spencer v. Forshey*, 2023-Ohio-4568, ¶ 6. Dismissal is appropriate if it appears beyond doubt from the petition, presuming all factual allegations as true and making all reasonable inferences in the nonmovant's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Id*. To be entitled to the writ, Krug must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8. A writ of habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of the law except when the court causing the confinement

patently and unambiguously lacked subject-matter jurisdiction. *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8-9.

### B. Krug Is Not Entitled to a Writ of Habeas Corpus

{¶ 10} In his habeas petition, Krug first asserted that his incarceration is unlawful because his 37.5-year aggregate sentence exceeds the statutory maximum authorized by the jury's verdict in that the trial court engaged in impermissible judicial factfinding before imposing the two additional ten-year terms for the RVO specifications. This claim, which alleges a sentencing error, is not cognizable in habeas corpus. *See State ex rel. Golson v. Moore*, 2007-Ohio-6434, ¶ 5 (dismissing habeas petition alleging that trial court improperly enhanced the petitioner's sentence on ground that sentencing errors are not jurisdictional and are not cognizable in habeas corpus). Krug has or had adequate remedies in the ordinary course of the law through direct appeal and a postconviction petition for review of any alleged sentencing error. *Id*. Moreover, he raised this issue on direct appeal, *see Krug*, 2009-Ohio-3815, at ¶ 168-171, and he cannot now use a habeas petition to obtain successive appellate review of the same issue, *Wells v. Hudson*, 2007-Ohio-1955, ¶ 7.

{¶ 11} The second argument Krug asserted in his habeas petition is that the sentencing entry contains a material defect that renders his sentence void. He contends that because the trial court referred only to former R.C. 2929.14(D)(2)(a) during the sentencing hearing, the reference to subsection (D)(2)(b) in the sentencing entry is a material defect that "purports to authorize detention under a statutory provision that was never invoked in open court." Like Krug's first argument, this sentencing-error claim is not jurisdictional and thus is not cognizable in habeas corpus. *See State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 7. A writ of habeas corpus "'will lie only to challenge the jurisdiction of the sentencing court.'" *Dunkle v. Dept. of Rehab. & Corr.*, 2017-Ohio-551, ¶ 8, quoting *Appenzeller v. Miller*, 2013-Ohio-3719, ¶ 9. Although Krug asserts that this alleged

sentencing error renders the judgment void, even assuming that the trial court erred in sentencing Krug, the alleged error would render the sentence voidable, not void. If a trial court "has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable." *State v. Henderson*, 2020-Ohio-4784, ¶ 37. Here, the Lake County Court of Common Pleas had jurisdiction over Krug's criminal trial on felonious-assault charges. *State v. Harper*, 2020-Ohio-2913, ¶ 25, citing R.C. 2931.03; *see also* R.C. 2903.11(D)(1)(a) (defining felonious assault as second-degree felony). "[A] sentence that is voidable cannot be challenged in habeas corpus, because the inmate has an adequate remedy through direct appeal." *State ex rel. Slaughter v. Foley*, 2021-Ohio-4049, ¶ 9.

{¶ 12} The third argument Krug asserted in his habeas petition is that the trial court violated his constitutional right to due process when it "summarily denied" his motion for a nunc pro tunc order to correct the allegedly defective sentencing entry. However, due-process claims are not cognizable in habeas corpus. *State ex rel. Barnette v. Hill*, 2022-Ohio-2469, ¶ 9.

{¶ 13} In his merit brief, Krug asserts three propositions of law that are variations on his argument that he is unlawfully confined because the trial court lacked jurisdiction to sentence him to an enhanced prison term after allegedly engaging in impermissible judicial factfinding. As explained above, because the trial court had jurisdiction over his felony case, any sentence based on the alleged sentencing error would be voidable, not void. *See Henderson* at ¶ 37. Even assuming a sentencing error, Krug's challenge to a voidable sentence is not cognizable in habeas corpus, because he had an adequate remedy in the ordinary course of the law through direct appeal. *Slaughter* at ¶ 9.

{¶ 14} In sum, the three claims asserted in Krug's habeas petition are not cognizable in habeas corpus. Because Krug failed to state a valid claim for a writ

of habeas corpus, the Fifth District correctly granted the warden's motion to dismiss.

### III. CONCLUSION

**{¶ 15}** We affirm the judgment of the Fifth District Court of Appeals dismissing Krug's petition for a writ of mandamus.

Judgment affirmed.

_____

Jon Paul Krug, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____