[Cite as *LaVette v. Grice*, 2026-Ohio-2361.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

DARIUS DEPRIEST LAVETTE, by and through his next friend, Andrea Marie Jefferson

    Petitioner

    v.

TERRY GRICE, SHERIFF OF MEDINA COUNTY, OHIO

    Respondent

C.A. No. 2026CA0047-M

ORIGINAL ACTION IN HABEAS CORPUS

Dated: June 22, 2026

---

PER CURIAM.

{¶1}   Andrea Marie Jefferson, purporting to act in the capacity of next friend of Mr. LaVette, filed a petition seeking a writ of habeas corpus directing the Medina County Sheriff to release Mr. LaVette from jail.  The petition maintains that the trial court did not have personal jurisdiction over Mr. LaVette because he was not served with several filings in the underlying case.  It also maintains that because Mr. LaVette has been sentenced to thirty days in the Medina County Jail, his petition should be considered on an expedited basis.  The petition must be dismissed for the following reasons.

{¶2}   A "next friend" pursues a habeas corpus action on behalf of a detained person but is not a party to the action.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf

of another." *Id*. Instead, an individual asserting next-friend status must demonstrate that the petitioner cannot appear on his own behalf for reasons such as "inaccessibility, mental incompetence, or other disability. . . ." *Cuyahoga Cty. Bar Assn. v. Spurlock*, 2002-Ohio-2580, ¶ 13, quoting *Whitmore* at 163. The "necessary condition" that must be established to support next-friend standing is that the petitioner "is unable to litigate his own cause. . . ." *Id*. at ¶ 15, quoting *Whitmore* at 165.

{¶3} Ms. Jefferson asserts that she has standing as next friend of Mr. LaVette because he is incarcerated in the Medina County Jail "and is therefore structurally and practically inaccessible to ordinary procedural means in the time available." Mr. LaVette, however, previously filed a petition seeking a writ of habeas corpus from this Court which was dismissed solely because he failed to obtain a certified statement of his inmate account, as required by R.C. 2969.25(C). Ms. Jefferson has not explained how Mr. LaVette's status as a prisoner prevents him from litigating his own cause. Accordingly, she does not have standing as next friend to bring this action, and it must be dismissed on that basis. See *Whitmore* at 166.

{¶4} Even if Ms. Jefferson did have standing as next friend to bring this action, the petition must be dismissed because it does not comply with R.C. 2725.04(D), which requires a copy of the commitment papers to be filed with a petition. The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146.

**{¶5}** Finally, although the petition must be dismissed for the reasons noted above, this Court observes that the petition also could not succeed on its merits. The petition argues that the trial court did not obtain service of several filings during the course of that case and that, as a result, Mr. LaVette was denied due process. "[D]ue process claims are not cognizable in habeas corpus." *State ex rel. Krug v. Stuff*, 2026-Ohio-1995, ¶ 12.

**{¶6}** This case is dismissed. Costs are taxed to Andrea Marie Jefferson. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ANDREA MARIE JEFFERSON, Pro Se, Petitioner.

S. FORREST THOMPSON, Prosecuting Attorney, for Respondent.